| | |
|---|---|
| **DISTRICT COURT COUNTY OF ARAPAHOE, STATE OF COLORADO**<br>*7325 S. Potomac St., Centennial, CO 80112*<br><br>*Phone: 303-645-6600* | DATE FILED: January 5, 2023 7:40 PM<br>FILING ID: E81293BB39160<br>CASE NUMBER: 2023CV30032 |
| Plaintiff:   **MICHELLE COX**, an individual and **DAVID COX**, an individual.<br><br>v.<br><br>Defendants:   **CIRCLE K STORES, INC.,** a foreign corporation, Defendant. | *COURT USE ONLY* |
| *Attorney for Plaintiff*:<br><br>**NEILL TRIAL LAW, LLC**<br>Devon A. Neill, Esq.<br>15021 W. Warren Avenue<br>Lakewood, CO 80228<br>Phone No.: (720) 443-0324<br>Atty. Reg. No. 48166<br>devon@NeillTrialLaw.com | **Case:** |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW Plaintiffs, **MICHELLE COX and DAVID COX**, by and through their attorneys, Neil Trial Law, LLC, and files their Complaint against the Defendant, **CIRCLE K STORES, INC.**

## GENERAL ALLEGATIONS

1. At all relevant times herein, Plaintiff Michelle Cox (hereinafter "Plaintiff"), resides at 14993 East Temple Place, Aurora, CO. 80015.

2. Defendant **CIRCLE K STORES, INC** (hereinafter "Circle K") has a principle office street address of 1717 Main Street, Suite 200, Dallas, TX 75201 and a registered agent, Corporation Service Company, at 1900 W. Littleton Blvd., Littleton, CO 80120.

3. Jurisdiction and venue is proper pursuant to C.R.C.P. 98(c), as the incident that gives rise to this case occurred in the County of Arapahoe, State of Colorado.

   At all relevant times, on information and belief, Defendant was the legal property owner and occupant, and/or had control of real property located at 15291 E. Hampden Ave., Aurora, Colorado 80014, known as "Circle K" as contemplated by the Colorado Premises Liability Act (C.R.S. §13-21-115) (the "Act"), and as such, were responsible for ensuring that the property was maintained in a reasonably safe condition.

4. At all relevant times, Defendant was responsible for the management and maintenance of the premises, walkways, sidewalks, steps, landings, porches, and other structural elements of the land in a reasonably safe condition for individuals, including the Plaintiff who may lawfully be on the premises.

5. At all relevant times, Plaintiff Michelle Cox was an invitee on the property, located at 15291 E. Hampden Ave., Aurora, Colorado 80014, as defined by the Act.

6. On or about January 11, 2021, Plaintiff Michelle Cox stopped at Circle K to fill her tank with gas.

7. She believes that she pre-paid her tank of gas with cash inside the Circle K store.

8. As Mrs. Cox walked to the pump, Mrs. Cox tripped over the dock-bone that had become dislodged from its secure fitting.

9. Mrs. Cox fell to the ground when she tripped over the dislodged dock-bone.

10. When Mrs. Cox tripped over the dock-bone that was protruding from the concrete, she lost her balance, twisted her right knee and fell to the ground, causing onset of pain and injuries.

11. She was able to get up but felt immediate pain in her right knee and elsewhere on her body.

12. Mrs. Cox had the presence of mind to quickly take the photograph below.



13. Because the pain in her knee and elsewhere on her body was immediate, she got into her vehicle and did not report her injury to the Circle K personnel in the store.

14. After leaving Circle K, Mrs. Cox drove straight to Centennial Hospital – Health One where she received initial treatment for her injuries and was released.

15. Later that day, Mr. David Cox, Michelle's husband, went back to Circle K and took the following photograph and reported to the Circle K staff in the store what had occurred.



16. After being notified of what occurred, the Circle K staff moved the cone into the lane to block use of the gas tank.

17. Mr. Cox took a photograph of the cone after the Circle K staff member had placed the cone in the lane, as show below.



18. After being released from the hospital, Mrs. Cox hoped that the pain in her knee would resolve and followed her discharge instructions.

19. Over the next two days, she rested and limped around her home, holding onto furniture and walls as she walked.

20. The pain did not resolve.

21. On January 13, 2021, Mrs. Cox experienced severe pain when her right knee gave out on her and she fell to the ground.

22. As a result of the injury at Circle K, Plaintiff Michelle Cox has experienced physical and emotional pain and suffering, permanent disfigurement, permanent impairment, and loss of enjoyment of life, has incurred medical and rehabilitation expenses, and will continue to incur such expenses for the foreseeable future, as well as lost wages and lost earning capacity.

23. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer damages as outlined herein.

**COUNT I: CLAIM FOR RELIEF**
**(Premises Liability, C.R.S. § 13-21-115 et seq.)**

24. Plaintiff incorporates the paragraphs above and below as if fully set forth herein.

25. At all relevant times, Plaintiff Michelle Cox was an invitee on the property, as contemplated by C.R.S. § 13-21-115.

26. At all relevant times, Defendant was landowners as contemplated by C.R.S. § 1321-115; and had control over the premises utilized by people on the land, such as the Plaintiff.

27. Defendant had a duty to maintain the premises and use reasonable care to protect Plaintiff against dangers defined in C.R.S. § 1321-115, and violated those standards by the known egregious condition of the dock bone area of their property in a manner resulting in injury to the Plaintiff.

28. Defendant knew, or should have known, that a dockbone protruding from the concrete island was in disrepair and was a dangerous condition and that their property existed in such a state.

29. Furthermore, the attempt to

30. Furthermore, the attempt to effect some sort of height adjustment to the riser indicates the landowners knew, upon visual inspection, there was a problem with the front porch area.

31. Defendant breached its duty and/or unreasonably failed to exercise reasonable care to protect against dangers of which it knew, and should have known as contemplated by the Act.

Case No. 1:23-cv-00343-SBP   Document 6   filed 02/06/23   USDC Colorado   pg 7 of 8

32. As a direct and proximate result of Defendants' actions or inactions, Plaintiff has suffered and will continue to suffer serious injury to her person as described above.

33. Plaintiff's damages suffered as a result of Defendants' failure to properly maintain the dock bone, including, but not limited to:

    a. Past medical and nursing care, therapy, and rehabilitation.
    b. Future medical and nursing care, therapy, and rehabilitation.
    c. Past and future mental and physical pain and suffering.
    d. Loss of earning capacity.
    f. Past and future loss of life enjoyment and impairment of the quality of life.
    g. Mental anguish.
    h. Permanent physical impairment.
    i. Permanent disfigurement.

## **COUNT II: LOSS OF CONSORTIUM**

21. Plaintiff incorporates the paragraphs above and below as if fully set forth herein.

22. David Cox and Michelle Cox are currently married and were married at the time Michelle Cox Sanford was injured at Circle K.

23. As a result of the crash related injuries to Michelle Cox, Plaintiff, David Cox, has suffered loss of consortium.

24. David Cox's loss of consortium includes noneconomic damages for loss of affection, society, companionship, aid, and comfort of Mrs. Michelle Cox, as well as economic damages for loss of household services that Michelle Cox would have performed had she not been injured at Circle K and any resulting expenses, which David Cox incurred, because of Michelle Cox's injuries.

WHEREFORE, Plaintiff Michelle Cox and Plaintiff David Cox, respectfully requests this Court enter judgment in their favor and against the Defendant, in an amount to be determined at trial; the costs of bringing this action; expert witness fees; future medical, hospital, rehabilitative, physiotherapy and other expenses related to Plaintiffs' injuries; future mental and physical pain and anguish; disfigurement; loss of enjoyment of life; past economic damages; impairment of earning capacity; permanent disability; and any other relief deemed just and proper by the Court.

Respectfully submitted this 1st day of January, 2023.

**NEILL TRIAL LAW, LLC**

*/s/ Devon A. Neill, Esq.*
Devon A. Neill
Attorney for Plaintiff


Plaintiff's Address:
14993 East Temple Place,
Aurora, CO 80015

*In accordance with C.R.C.P. 121 § 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*