IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00343-SBP

MICHELLE COX and
DAVID COX,

    Plaintiffs,

v.

CIRCLE K STORES, INC.,

    Defendant.

---

## ORDER DISMISSING CASE

---

    This matter comes before this court upon its October 13, 2023 Order to Show Cause (ECF No. 36, "OSC") why this case should not be dismissed for the pro se Plaintiffs Michelle Cox and David Cox's failure to prosecute and failure to file contact information in this case.

*I.*    *Background*

    Through former counsel, Plaintiffs filed the complaint in this case in Arapahoe County District Court on January 5, 2023. ECF No. 6 (state court complaint). They bring claims of negligence, premises liability under the Colorado Premises Liability Act, and loss of consortium. Defendant Circle K Stores, Inc. ("Circle K") removed the case to this court on diversity jurisdiction. ECF No. 1 (Notice of Removal filed February 6, 2023). All parties consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). ECF No. 18 (filed March 29, 2023).

    On July 26, 2023, Plaintiffs' former counsel moved to withdraw from representing

Plaintiffs and stated that she could not "explain why withdrawal is sought because to do so violates attorney client privilege." ECF No. 27. Counsel certified having sent a copy of the motion to Plaintiffs by mail and email, stating the addresses in the certificate of service. *Id.* at 3. The court granted the motion to withdraw on August 2, 2023, and ordered Plaintiffs to "file a notice of their current contact information in this case" within five days, citing D.C.COLO.LCivR 5.1(c). ECF No. 28. The Clerk's office mailed and emailed that order to the addresses that Plaintiffs' former counsel had provided in the motion to withdraw. ECF No. 29 (Clerk's certificate of service on August 2, 2023). However, Plaintiffs did not comply with the court's order to provide their current contact information.

On September 14, 2023, Circle K filed a motion for a hearing. ECF No. 30. Circle K stated that its "counsel has attempted to contact Plaintiffs[] at the email provided by Ms. Neill, davidcruz3@gmail.com, on August 19, 29, and September 8, 2023." *Id.* at 2. Circle K attached the emails to the motion. ECF No. 30-1. Circle K further stated that Plaintiffs had not responded to any of the emails. Circle K also noted that Plaintiffs' expert disclosures were due September 8, 2023, and Plaintiffs did not disclose any experts. ECF No. 30 at 2. Finally, Circle K stated that it had requested to depose Plaintiffs before their former counsel withdrew, and that "other pending discovery requests and disputes … have gone unresolved." *Id.*

On September 26, 2023, the court set an in-person hearing on Circle K's motion for October 12, 2023. ECF No. 31 (minute order). In the minute order setting that hearing, the court reminded Plaintiffs "that they must file their current contact information with the court as soon as possible," citing Local Rule 5.1. *Id.* The Clerk's office mailed and emailed a copy of the order setting the hearing to Plaintiffs. ECF No. 32.

On October 5, 2023, Circle K moved (ECF No. 33) to stay or hold in abeyance the discovery deadlines because it was unable to proceed with its expert disclosures due to Plaintiffs' inaction as noted above. The court granted that motion. ECF No. 34.

Plaintiffs did not appear for the October 12, 2023 hearing. Nor did they file a motion for extension or contact chambers to reset or call into the hearing. ECF No. 38 (minutes). Accordingly, on October 13, 2023, the court issued the OSC. ECF No. 36. The court noted therein all of the above facts, Local Rule 5.1, and Local Rule 41.1. The court required Plaintiffs to show cause by October 27, 2023, why the case should not be dismissed for these failures. *Id.* at 4. Plaintiffs did not respond.

II.   Legal Standards

> A party's pro se status does not exempt her from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *[S]ee Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). In addition, the court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

*Martinez v. Warwick*, No. 18-cv-03250-DDD-NYW, 2019 WL 4645432, at *2–3 (D. Colo. Sept. 23, 2019), *report and rec. adopted sub nom. Martinez v. Wilson,* 2020 WL 1808604 (D. Colo. Apr. 9, 2020).

Local Rule 5.1(c) provides that a "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change." In this instance, Plaintiffs' change of contact information occurred on August 2, 2023, when they became pro se. Despite the court ordering and reminding Plaintiffs, they have not provided their current address and telephone number to the court.

3

Meanwhile, Local Rule of Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002). *See also AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Plaintiffs' pro se status does not exempt them from complying with the procedural rules that govern all civil actions filed in this court. *See Murray*, 312 F.3d at 1199 n.2. This court cannot serve as an advocate for a pro se party and must be neutral in the litigation. *See Adler*, 144 F.3d at 672.

In evaluating whether to dismiss a case with or without prejudice, this court is mindful that dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness). As discussed below, this court ultimately dismisses this action without prejudice. However, given that Plaintiffs' claims may be barred by the statute of limitations, and that dismissal of the claims may therefore act as a dismissal with prejudice, the court proceeds to examine the *Ehrenhaus* factors in an abundance of caution.

In *Ehrenhaus*, the Tenth Circuit Court of Appeals enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See* 965 F.2d at 921. "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting and applying *Ehrenhaus*, 965 F.2d at 921, in affirming dismissal for failure to prosecute).

III.    Analysis of the <u>Ehrenhaus</u> Factors

***Prejudice to Defendant.*** After carefully reviewing the case file, the court finds that Defendant has incurred prejudice in a case that Plaintiffs are either unable or unwilling to litigate. Plaintiffs' failures to respond to the communications from Defendant's counsel, to make themselves available for deposition, and to resolve the other discovery issues that Defendant had raised with their counsel when they were represented, forced Defendant's counsel to spend time filing the motion to stay discovery and the motion for hearing, and to attend that hearing. By their actions, Plaintiffs have effectively brought this litigation to an indefinite standstill.

***Interference with the Judicial Process.*** The court finds that there has been some interference with the effective administration of justice caused by Plaintiffs' failure to comply with the orders and rules of this court. In addition to the time and expense Plaintiffs compelled Defendant to expend in trying to proceed with the case, including the completion of written discovery and taking Plaintiffs' depositions—fundamental components of the discovery

process—Plaintiffs' failures to act have made it necessary for this court to prepare for and conduct a hearing; issue an order requiring their current contact information, issue the OSC; and perform the legal research and analysis required to complete this order.

*Culpability of Plaintiff.* The case file here shows some culpability on Plaintiffs' part. They bear responsibility for delaying the progress of this litigation. Defendant's counsel was unable to resolve the issues it had raised concerning written discovery and was unable to take their depositions. Plaintiffs have chosen not to respond to orders and other communications from the court, which the court has taken pains (as a courtesy) to send to an email address they are known to use. Yet, Plaintiffs have responded with silence, demonstrating indifference to their case and a lack of respect for the court and the judicial process.

*Advance Notice of Sanction of Dismissal.* The OSC expressly warned Plaintiffs that they had to show cause why the case should not be dismissed for failure to prosecute and failure to provide current contact information.

*Efficacy of a Lesser Sanction.* Finally, this court concludes that no sanction less than dismissal would be effective. Nothing in the record before the court suggests that, if given more time, Plaintiffs would be able or willing to litigate this case. Neither is there any indication that Plaintiffs' behavior—including their failure to communicate with Defendant's counsel, failure to abide by court orders and rules, and failure to appear—is likely to change. This record strongly suggests that an order imposing a monetary sanction is likely to be ineffective; like other orders in this case, the court must anticipate that Plaintiffs would ignore it. Under these circumstances, this court finds that no lesser sanction is warranted and that dismissal is the appropriate result.

In conclusion, upon full consideration of the *Ehrenhaus* factors, this court finds it

appropriate that this case be dismissed without prejudice for Plaintiffs' failure to prosecute and failure to comply with the orders and Local Rules of the court. *See, e.g.*, *Banks v. Katzenmeyer,* 680 F. App'x 721, 724 (10th Cir. 2017) (finding no abuse of discretion in dismissing pro se action for failure to respond to order to show cause and failure to notify court of change of address); *Santistevan v. Colo. Sch. of Mines,* 150 F. App'x 927, 929-31 (10th Cir. 2005) (same, for failure to appear, respond, and provide current contact information).

In recommending the lesser sanction of dismissal without prejudice in a case where the claims may be time-barred, the court takes into account the possibility that Plaintiffs, who are now pro se, may at some point secure counsel to assist them in addressing the statute of limitations issue.[1] And while the court concludes that Plaintiffs are properly sanctioned for failing to prosecute, appear, and abide by the orders and rules of the court, at this point the court declines to find that their actions reflect the "willful misconduct" necessary to impose the last-resort sanction of dismissal with prejudice. *Ehrenhaus*, 965 F.2d at 920.

IV.   Conclusion

For the reasons set forth above, the Court makes the Order to Show Cause (ECF No. 36) **ABSOLUTE** and **DISMISSES this case without prejudice**.

The Clerk's office is requested to mail a copy of this order to Plaintiffs at 14993 East Temple Place, Aurora, CO 80015 and email a courtesy copy to davidcruz3@gmail.com.

---

[1] This court expresses no opinion on the merits of any argument concerning the statute of limitations.

DATED: March 19, 2024.   BY THE COURT:

_____
Susan Prose
United States Magistrate Judge